[Cite as *Clark v. Pawlowski*, 2025-Ohio-4504.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF LORAIN | ) | |

JONATHAN F. CLARK, et al.

    Appellees

    v.

ALAN J. PAWLOWSKI

    Appellant

C.A. No.    24CA012132

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF LORAIN, OHIO
CASE No.    21CV204587

DECISION AND JOURNAL ENTRY

Dated: September 29, 2025

---

CARR, Judge.

{¶1} Defendant-Appellant Alan J. Pawlowski appeals the judgment of the Lorain County Court of Common Pleas. This Court affirms.

I.

{¶2} On October 22, 2020, Mr. Pawlowski physically assaulted Plaintiff-Appellee Jonathan F. Clark at a bar. Plaintiff-Appellee Dianna Clark, Mr. Clark's wife, witnessed the assault. In 2021, Mr. Pawlowski was found guilty of misdemeanor assault and sentenced accordingly. In October 2021, Mr. and Mrs. Clark filed a civil complaint seeking damages from the incident. Mr. Pawlowski filed a counterclaim consisting of three claims, which he voluntarily dismissed prior to the start of trial.

{¶3} The matter proceeded to a bench trial. The trial court concluded that Mr. Pawlowski was liable for battery. The trial court awarded Mr. Clark $461.51 in compensatory economic damages and $3,500 in noneconomic damages. The trial court awarded Mrs. Clark

$1,500 in noneconomic damages. The trial court also determined punitive damages were appropriate in the amount of $7,000.

{¶4} Mr. Pawlowski has appealed, raising a single assignment of error for our review.

II.

## ASSIGNMENT OF ERROR

THE TRIAL COURT ABUSED ITS DISCRETION IN AWARDING A JUDGMENT OF NONECONOMIC DAMAGES THAT WAS EXCESSIVE AND CONTRARY TO LAW.

{¶5} In his sole assignment of error, Mr. Pawlowski asserts that the trial court's award of noneconomic damages was excessive in light of the evidence presented.

{¶6} "After a verdict has been reached for the plaintiff in [] specified tort actions, the court (in a bench trial) will enter findings of fact or the jury (in a jury trial) will return a general verdict accompanied by answers to interrogatories." *Arbino v. Johnson & Johnson*, 2007-Ohio-6948, ¶ 27, citing R.C. 2315.18(D). "In either case, these findings or interrogatories will specify both the total compensatory damages recoverable by the plaintiff and the portions of those damages representing economic and noneconomic losses." *Arbino* at ¶ 27, citing R.C. 2315.18(D). "Thereafter, the court must enter judgment for the plaintiff for the amount of economic damages, without limitation, as determined by the trier of fact. For noneconomic damages, the court must limit recovery to the greater of (1) $250,000 or (2) three times the economic damages up to a maximum of $350,000, or $500,000 per single occurrence." (Internal citations omitted.) *Arbino* at ¶ 28, citing R.C. 2315.18(B), (E). "However, these limits on noneconomic damages do not apply if the plaintiff suffered [p]ermanent and substantial physical deformity, loss of use of a limb, or loss of a bodily organ system, or [p]ermanent physical functional injury that permanently prevents the injured person from being able to independently care for self and perform life-

sustaining activities." (Internal quotations omitted.) *Arbino* at ¶ 28, quoting R.C. 2315.18(B)(3)(a)-(b).

{¶7} R.C. 2315.18(A)(4) states that "'[n]oneconomic loss' means nonpecuniary harm that results from an injury or loss to person or property that is a subject of a tort action, including, but not limited to, pain and suffering, loss of society, consortium, companionship, care, assistance, attention, protection, advice, guidance, counsel, instruction, training, or education, disfigurement, mental anguish, and any other intangible loss." Noneconomic damages are inherently subjective and can be tainted by irrelevant considerations. *Arbino* at ¶ 55.

{¶8} Here, the trial court issued a judgment entry with findings of fact and a tabulation of damages. The trial court awarded $461.51 in economic damages, as the replacement/repair cost of Mr. Clark's glasses, which were broken in the altercation. In addition, the trial court awarded Mr. Clark $3,500 in noneconomic damages and Mrs. Clark $1,500 in noneconomic damages. The trial court also awarded $7,000 in punitive damages.

{¶9} At the trial on the matter, Mr. Pawlowski stipulated that he was convicted of misdemeanor assault in September 2021 for assaulting Mr. Clark. Only two witnesses testified at trial, Mr. and Mrs. Clark.

{¶10} On the day of the assault, Mr. and Mrs. Clark were at the Patio Bar to listen to music. Mr. Clark noticed Mr. Pawlowski enter the establishment and Mr. Clark ultimately decided that they should leave to avoid Mr. Pawloski due to past problems with him. Mr. and Mrs. Clark went to leave. Mrs. Clark testified to walking out in front of Mr. Clark. Mr. Clark was pulled by his shoulder and turned around by Mr. Pawlowski. A few words were exchanged. Then Mr. Pawlowski began repeatedly punching Mr. Clark in the head. Mr. Clark estimated that he was probably hit 20 times. Mr. Clark's glasses were broken, and he almost fell to the ground. Mrs.

Clark witnessed Mr. Clark being attacked. Mrs. Clark described it as disturbing and indicated that she had never seen her husband involved in a fight before that. Mr. Pawlowski was subject to a two-year no contact order following the criminal trial, but it had expired at the time of the civil trial. If Mr. Clark happens to see Mr. Pawlowski around town, Mr. Clark turns around and leaves.

{¶11} After the attack, Mr. Clark had swelling to his face and head but did not receive medical care. He also did not miss any work; however, he did lose sleep. Mr. Clark indicated that he was still afraid of Mr. Pawlowski and is always looking around to see if he is around. Seeing Mr. Pawlowski's vehicle brings back memories of the incident. Mr. Clark averred that his fear impacts him on a daily basis, and he still suffers from anxiety and mental anguish. At some point after the assault, Mr. Clark went to see his doctor for depression. His doctor referred him to a psychiatrist who prescribed an antidepressant, which Mr. Clark continued to take daily at the time of trial. Mr. Clark attributes his depression to the incident, noting that he did not suffer from depression prior to the altercation.

{¶12} Mrs. Clark testified that the assault has caused her to be very afraid of Mr. Pawlowski. She described an incident after the attack in which Mr. Pawlowski was tailgating her as she was driving on the highway. While Mrs. Clark did not call the police, she believes that she should have. Mrs. Clark indicated that the assault has caused her to sometimes wake up in the middle of the night afraid and has caused her mental anguish and anxiety. She asserted that it impacts every day of her life.

{¶13} Mr. and Mrs. Clark did not submit any medical bills or records or photographs in support of their case.

{¶14} Mr. Pawlowski argues that the noneconomic damages awarded are excessive because they amount to several times more than the economic damages awarded. While Mr.

Pawlowski is correct that the amount of noneconomic damages awarded is substantially more than the amount of economic damages awarded, Mr. Pawlowski has not pointed this Court to any authority that the amount that was awarded was statutorily barred. In fact, the amount is well below the amount authorized by the statute. *See* R.C. 2315.18(B)(2).

{¶15} As to Mr. Pawlowski's assertion that the evidence does not support the award because Mr. and Mrs. Clark's testimony was self-serving and unsupported by documentation or other evidence, Mr. Pawlowski again has not cited any authority that such was required, particularly if the trial court found the testimony presented to be credible. *See Green Maple Ents., LLC v. Forrester*, 2021-Ohio-4640, ¶ 57 (7th Dist.) ("[E]xpert testimony or testimony corroborating emotional distress is not necessary to award noneconomic damages."); *Greig v. Wallick*, 2012-Ohio-77, ¶ 61 (5th Dist.) ("[E]xpert testimony is not required to support an award of damages for mental anguish.").

{¶16} Here, there was evidence presented that supports that both Mr. and Mrs. Clark suffered noneconomic damages such as pain and suffering and mental anguish. *See* R.C. 2315.18(A)(4). Overall, Mr. Pawlowski has not demonstrated that the trial court erred in its award of noneconomic damages.

{¶17} Mr. Pawloski's assignment of error is overruled.

III.

{¶18} Mr. Pawlowski's assignment of error is overruled. The judgment of the Lorain County Court of Common Pleas is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

 

DONNA J. CARR
FOR THE COURT

FLAGG LANZINGER, P. J.
HENSAL, J.
CONCUR.

APPEARANCES:

ALAN J. PAWLOWSKI, pro se, Appellant.

MARK G. PETROFF, Attorney at Law, for Appellees.